## COOPER vs. TURRENTINE & FREEMAN.

1. In an action for a malicious prosecution against the prosecutor, and the justice before whom the proceedings were instituted, the affidavit and warrant issued thereon are competent evidence.
2. In actions for torts, where two or more are sued, the plaintiff may recover against one, although the others be acquitted.

Error to the Circuit Court of Morgan. Tried before the Hon. Thos. A. Walker.

THIS was an action for a malicious prosecution brought by the plaintiff against the defendants in error, one of whom is the justice of the peace who issued the warrant. The plaintiff offered in evidence the affidavit made by the defendant Freeman and the warrant, which were rejected by the court, whereupon the plaintiff excepted and took a non-suit. The ruling of the court is the error now assigned.

PETERS, for the plaintiff in error, insists—

1. That the affidavit and warrant were not only admissible, but absolutely essential for the maintenance of the action.

2. That the plaintiff may recover against Freeman, though Turrentine be acquitted, and in support of this proposition cites 3 Stark. Ev. (ed. 1842,) 1109, and notes; Comyn's Dig. Tit. Trespass, C. 1; 2 Blacks. Rep. 983; 1 Camp. 187; 1 M. & Malk. 69; 9 B. & C. 591; 16 Mass. 389; 2 Wheat. 345; 1 Bay, 15; 14 Johns. 119.

RICE & CAMPBELL, for the defendants.

DARGAN, C. J.—In an action for a malicious prosecution the plaintiff must show that he has been prosecuted by the defendant, either criminally or in a civil suit; that the prosecution has been terminated in his favor, and that it was instituted maliciously and without probable cause.—2 Greenl. Ev § 449. The fact of the prosecution must be proved by the production of a copy of the record, (if the proceedings were had in a court of record,) or by the papers themselves, if they can be obtained. As the affidavit made by Freeman and the warrant issued thereon by the justice of the peace correspond with the description given of them in the declaration, we do not see on what ground they were rejected by the court below as evidence. Even if the suit could not under any circumstances be maintained against Turrentine, the magistrate who issued the warrant on the affidavit of Freeman, which, however, is a question we do intend to decide in the present condition of the record, still the affidavit and warrant were essential evidence to enable the plaintiff to recover against Freeman; and the plaintiff may recover against him notwithstanding he fails to recover against the justice. In actions for torts, where two or more are sued, the plaintiff may recover against one, although the others be acquitted. Any evidence therefore that will sustain the issue against any one of the wrong-doers is competent and must be received.—Palmer v. Severance & Stewart, and authorities cited in the brief of plaintiff's counsel.

The Court erred in rejecting the affidavit and warrant as evidence, and the judgment must be reversed and the cause remanded.